IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Karen S. Lee,                                    CASE NO 3:19-cv-2942-JGC

    Plaintiff,

    v.                                           **ORDER**

Andrew Saul,
Commissioner of Social Security,

    Defendant.

This is an appeal from the denial of Social Security benefits. The Honorable Magistrate Judge Carmen E. Henderson has issued a Report and Recommendation, recommending that I deny the appeal. (Doc. 16). Plaintiff, Karen S. Lee, has filed an objection (Doc. 17), and the Commissioner has filed a reply (Doc. 18).

For the following reasons, I overrule Ms. Lee's objection and I approve and adopt Judge Henderson's Report and Recommendation.

## Discussion

Ms. Lee objects to Judge Henderson's recommendation to uphold the ALJ's decision not to endorse Dr. Barwick's opinions when determining Ms. Lee's limitations and residual functional capacity. (Doc. 17, pgID 897-98).

Ms. Lee argues the ALJ never discredited Dr. Barwick's opinion that Ms. Lee lacks capacity to maintain attention, concentration, persistence, and pace as well as a lack of capacity to appropriately respond to work pressures. (*Id.* at pgID 897). According to Ms. Lee, the ALJ did

1

not properly justify the rationale for not giving Dr. Barwick's opinions more than "some weight." (*Id.* at pgID898).

The gravamen of Ms. Lee's objection to Judge Henderson's report and recommendation seems to be that "it is difficult to understand how Dr. Barwick's opinions regarding Ms. Lee's limitations could be found consistent with the record, yet those same limitations be omitted from the residual functional capacity." (*Id.*).

Ms. Lee argues that while the ALJ was not under any obligation to endorse Dr. Barwick's opinions, the ALJ does have a duty to interpret the record and construct a residual functional capacity that is supported by substantial evidence. (*Id.*). Ms. Lee points out that the ALJ credited Dr. Barwick's opinions, but then omitted those same opinions from the residual functional capacity determination. (*Id.*).

Ms. Lee also points to Dr. Barwick's finding that she would struggle with coping and identifying the origin of her distress, and that she lacked capacity in this area. But Ms. Lee argues that just because she would struggle with her ability to cope or identify the origin of her distress does not mean that she "lacks capacity" to appropriately respond to work pressures. (*Id.* at pgID 899). Ms. Lee argues that "at a very minimum it suggests some limitations in [her] ability to appropriately respond. It could also suggest that Ms. Lee does not have any ability to respond." (*Id.*).

Ms. Lee claims that "at best" the ALJ's analysis in this regard is confusing.

But, as the government points out, Judge Henderson had no problem following the ALJ's logic in weighing Dr. Barwick's opinion. And Judge Henderson pointed out that the ALJ gave Dr. Barwick's "opinion *some weight* because it was "*somewhat* consistent with the record as a whole." (Doc. 16, pgID 892).

2

Judge Henderson correctly found that there is no legal requirement for the ALJ to endorse Dr. Barwick's opinion. *See Smith v. Comm'r of Soc. Sec.*, No. 5:11-cv-2104, 2013 WL 1150133 (N.D. Ohio). More importantly, determining a claimant's residual functional capacity rests solely with the commissioner. *See* 20 C.F.R. § 404.1527(d)(2).

And Dr. Barwick's own opinion shows that Ms. Lee *may struggle*, with the ability to concentrate, persist, and maintain pace, not that she lacks all capacity to do so. (Doc. 16, pgID 893-94). As Judge Henderson found in her report and recommendation:

> In that context, it is reasonable and logical to conclude—as the ALJ did—that Lee "may struggle with maintaining attention, concentration, persistence, or pace and with responding appropriately to work pressures." (ECF No. 11 at 530). Thus, the ALJ's evaluation of Barwick's opinion is supported by substantial evidence.

(Doc. 16, pgID 894).

I too am satisfied that substantial evidence supported the ALJ's decision. Ms. Lee's objection to Judge Henderson's Report and Recommendation is not well taken.

It is therefore

ORDERED THAT:

1) Plaintiff's objection to the Report and Recommendation (Doc. 17) be, and the same hereby is, overruled;

2) The Report and Recommendation (Doc. 16) be, and the same hereby is, approved and adopted;

3) Plaintiffs request for review be, and the same hereby is, denied with prejudice; and

4) The Clerk shall mark this matter closed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

3